UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANDRES JIMENEZ, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:05-CV-10 CAS |
| BOYD ERVIN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Jerry Bargery and JDB Farming, Inc.'s motion for summary judgment. Plaintiff filed a motion to continue the summary judgment response deadline and a response in opposition to the summary judgment motion. For the following reasons, the Court will deny defendants' motion for summary judgment without prejudice and deny plaintiff's motion to continue the summary judgment response deadline as moot.

**Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts

showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

**Discussion**

Plaintiff alleges in his complaint that he was injured on September 21, 2000, while loading cotton seed onto a truck at Still Gin & Grain in Steele, Missouri. (Compl. ¶ 10). Plaintiff alleges that while loading the cotton seed onto the truck, the truck drove away causing him to fall thirteen feet to the ground. (Id.). Defendants Bargery and JDB Farming assert that summary judgment should be granted in their favor because the undisputed facts show that neither Bargery or JDB Farming nor any of their agents, servants, or employees have ever loaded and/or hauled cotton seed from Still Gin & Grain. (Bargery Aff. ¶¶ 3-5). Defendants submitted an affidavit from Bargery asserting the same. Plaintiff wants the Court to continue his response deadline or deny the motion because the parties have not started formal discovery.

"Discovery does not need to be complete before a case is dismissed on summary judgment." Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc., 162 F.3d 991, 996 (8th Cir. 1998) (citations omitted). This is a discretionary determination by the trial court. Summary judgment is improper, however, if the nonmovant has not had adequate time for discovery. See id. "The nonmovant must make some showing that discovery has been inadequate. Absent such a showing, summary judgment is appropriate despite incomplete discovery." Pony Computer, 162 F.3d at 996.

In this action, the Court finds that discovery has been inadequate and summary judgment should not be granted at this time. The parties have not commenced formal discovery and plaintiff cannot present facts at this time to oppose the motion for summary judgment. See Fed. R. Civ. P.

2

56(f). Further, defendants' motion and affidavit show that there is a genuine dispute about an issue of material fact-- whether defendants owned and operated the truck that allegedly caused plaintiff's injury. Therefore, the Court will deny defendants' motion for summary judgment without prejudice and deny plaintiff's motion for a continuance as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **DENIED without prejudice**. [Doc. 43]

**IT IS FURTHER ORDERED** that plaintiff's motion to continue the summary judgment response deadline is **DENIED as moot**. [Doc. 48]

*/s/ Charles A. Shaw*
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of January, 2006.