UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDRES JIMENEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05-CV-10 CAS |
| | ) |
| BOYD ERVIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Andres Jimenez's fourth motion for leave to amend his complaint. Plaintiff filed this action on January 12, 2005, against defendants Boyd Ervin, Planters Cotton Oil Mill, Inc., and Archer-Daniels-Midland Company. These defendants were not served within the time limits of Federal Rule of Civil Procedure 4(m), and on June 23, 2005, the Court ordered plaintiff to serve the defendants within thirty days. On July 5, 2005, plaintiff filed an amended complaint naming three different defendants. On July 7, 2005, the Court ordered plaintiff to re-file his amended complaint because it did not comply with Rule 10(a), Fed. R. Civ. P., as the defendants' names were not listed in the caption. Subsequently, plaintiff re-filed the amended complaint.

On July 21, 2005, the Court granted plaintiff leave to file a second amended complaint to correctly name defendant Timber Resource Services, Inc. Then, on July 29, 2005, the Court granted plaintiff leave to file a third amended complaint adding defendant Southeastern ATM Services, Inc. as a defendant. On August 18, 2005, the Court granted the parties' stipulation of dismissal of defendant J&R Ransom Trucking, Inc. without prejudice. On November 15, 2005, plaintiff filed a

motion to voluntarily dismiss defendant Timber Resource Services, which was granted by the Court on November 17, 2005.

Now, plaintiff wants to amend his complaint to again add J&R Ransom Trucking and Timber Resources Services as defendants, although these defendants were previously dismissed. Plaintiff asserts that amendment of the pleadings is required after information gleaned from the discovery process indicated that these parties were potentially liable to plaintiff. The deadline for amendment of pleadings was March 1, 2006, but the instant motion is unopposed.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

The Court is extremely concerned by plaintiff's conduct in adding defendants that have been previously dismissed from this action. In the Order of July 29, 2005 the Court cautioned plaintiff that any future motions for leave to amend the complaint to add additional defendants would be closely scrutinized and might not be granted. Nevertheless, plaintiff has again sought to amend his complaint. The deadline for amendment of pleadings has passed and the trial date is March 12, 2007. The Court will grant plaintiff's motion for leave to amend pleadings, however, no further amendment of pleadings will be allowed.[1]

---

[1] By presenting a pleading to the court, an attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation. See FED. R. CIV. P. 11(b). The addition and dismissal of multiple defendants gives the appearance that a reasonable

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend pleadings is **GRANTED**. [Doc. 55]

**IT IS FURTHER ORDERED** that plaintiff shall file his Fourth Amended Complaint within five days of the date of this order.

**IT IS FURTHER ORDERED** that in the future, plaintiff shall file each exhibit to a pleading or motion as a separate attachment.

                        /s/ Charles A. Shaw
                        **CHARLES A. SHAW**
                        **UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2006.

---

inquiry was not done prior to the filing of this action.